Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Man Drell McGill** | |
| | First Name    Middle Name | Last Name |
| Debtor 2 | **Vontresia Shontell McGill** | |
| (Spouse, if filing) | First Name    Middle Name | Last Name |
| United States Bankruptcy Court for the: | **DISTRICT OF SOUTH CAROLINA** | |
| Case number: | | |
| (If known) | | |

☐ Check if this is a modified plan, and list below the sections of the plan that have been changed.

☐ Pre-confirmation modification
☐ Post-confirmation modification

District of South Carolina
# Chapter 13 Plan

5/19

## Part 1: Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file a timely objection to confirmation. **To determine the deadline to object to this plan, you must consult the Notice of Bankruptcy Case or applicable Notice/Motion served with this plan**. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.***

| | | | |
|---|---|---|---|
| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ☐ Included | ☑ Not Included |
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | ☑ Included | ☐ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ☑ Included | ☐ Not Included |
| 1.4 | **Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8** | ☐ Included | ☑ Not Included |

## Part 2: Plan Payments and Length of Plan

**2.1** The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

**$4,800.00** per **Month** for **60** months

*Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

| Debtor | **Man Drell McGill** | Case number | |
|---|---|---|---|
| | **Vontresia Shontell McGill** | | |

**2.2     Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply:*
- ☐ The debtor will make payments pursuant to a payroll deduction order.
- ☑ The debtor will make payments directly to the trustee.
- ☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
- ☑ The debtor will retain any income tax refunds received during the plan term.
- ☐ The debtor will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*
- ☑ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

### Part 3:    Treatment of Secured Claims

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan.  However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution.   Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4).  Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay.  Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1     Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply.  Only relevant sections need to be reproduced.*

- ☐ None. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.
- ☑ **3.1(a)** The debtor is not in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules.  These payments will be disbursed directly by the debtor.

| **Name of Creditor** | **Collateral** |
|---|---|
| **Home Point Financial Corporation** | **305 Heritage Forest Drive Blythewood, SC 29016** |
| **Pennymac Loan Services** | **1362 Afton Way Fort Mill, SC 29708** |

*Insert additional claims as needed.*

- ☐ **3.1(c)** The debtor elects to make post-petition mortgage payments to the trustee for payment through the Chapter 13 Plan in accordance with the Operating Order of the Judge assigned to this case and as provided in Section 8.1.  In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

- ☐ **3.1(d)** The debtor proposes to engage in loss mitigation efforts with _____ according to the applicable guidelines or procedures of the Judge assigned to this case.  Refer to section 8.1 for any nonstandard provisions, if applicable.

    *Insert additional claims as needed*
- ☐ **3.1(e) Other.**  A secured claim is treated as set forth in section 8.1.  This provision will be effective only if the applicable box in

| Debtor | **Man Drell McGill** | Case number |
| | **Vontresia Shontell McGill** | |

Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

*Insert additional claims as needed*

**3.2** **Request for valuation of security and modification of undersecured claims.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3** **Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

*Check one.*

☐ **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.
☑ The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Unless there is a non-filing co-debtor who continues to owe an obligation secured by the lien, any secured creditor paid the allowed secured claim provided for by this plan shall satisfy its liens at the earliest of the time required by applicable state law, order of this Court, or upon completion of the payment of its allowed secured claim in this case.

| Name of Creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| **Ally Financial** | **2016 GMC Yukon** | $35,357.00 | 6.25% | $612.00 |
| | | | | (or more) |
| | | | | Disbursed by: |
| | | | | ☑ Trustee |
| | | | | ☐ Debtor |
| **Bmw Financial Services** | **2017 BMW X6** | $69,679.00 | 6.25% | $1,356.00 |
| | | | | (or more) |
| | | | | Disbursed by: |
| | | | | ☑ Trustee |
| | | | | ☐ Debtor |

*Insert additional claims as needed.*

**3.4** **Lien avoidance.**

*Check one.*

☐ **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.
***The remainder of this paragraph will be effective only if the applicable box in Part 1 of this plan is checked***

☑ The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). Unless otherwise ordered by the Court, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 5.1 to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the plan. See 11 U.S.C. § 522(f) and Bankruptcy Rule 4003(d). *If more than one lien is to be avoided, provide the information separately for each lien.*

*Choose the appropriate form for lien avoidance*

| Name of creditor and description of property securing lien | Estimated amount of lien | Total of all senior/unavoidable liens | Applicable Exemption and Code Section | Value of debtor's interest in property | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|
| | | | | | | |

| Debtor | **Man Drell McGill** | | | Case number | | | |
| | **Vontresia Shontell McGill** | | | | | | |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| Usa Service Finance<br><br>Household Goods | $1,048.00 | $0.00 | 4,500.00<br>S.C. Code Ann. § 15-41-30(A)(3) | $4,500.00 | $0.00 | | 100% |

*Use this for avoidance of liens on co-owned property only.*

| Name of creditor and description of property securing lien | Total equity (value of debtor's property less senior/unavoidable liens) | Debtor's equity (Total equity multiplied by debtor's proportional interest in property) | Applicable Exemption and Code Section | Non-exempt equity (Debtor's equity less exemption) | Estimated lien | Amount of lien not avoided (to be paid in 3.2 above) | Amount of lien avoided |
|---|---|---|---|---|---|---|---|
| CACH, LLC<br><br>305 Heritage Forest Drive Blythewood, SC 29016 | $350,000.00 | $350,000.00 | 0.00<br>None | $0.00 | $2,483.39 | $0.00 | 100% |

*Insert additional claims as needed.*

**3.5    Surrender of collateral.**

*Check one.*

☑    **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

| Part 4: | **Treatment of Fees and Priority Claims** |

**4.1    General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2    Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3    Attorney's fees.**

a.    The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

b.    If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $____ or less.

| Debtor | **Man Drell McGill** | Case number | |
|---|---|---|---|
| | **Vontresia Shontell McGill** | | |

**4.4**      **Priority claims other than attorney's fees and those treated in § 4.5.**

The trustee shall pay all allowed pre-petition 11 U.S.C. § 507 priority claims, other than domestic support obligations treated below, on a *pro rata* basis. If funds are available, the trustee is authorized to pay any allowed priority claim without further amendment of the plan.

*Check box below if there is a Domestic Support Obligation.*

     ☐    **Domestic Support Claims**. 11 U.S.C. § 507(a)(1):

         a.    Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (state name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. *Add additional creditors as needed.*

         b.    The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

         c.    Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

**4.5**      **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
     ☑    **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

---

**Part 5:**    **Treatment of Nonpriority Unsecured Claims**

**5.1**      **Nonpriority unsecured claims not separately classified.** *Check one*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

☐    The debtor estimates payments of less than 100% of claims.
☐    The debtor proposes payment of 100% of claims.
☑    The debtor proposes payment of 100% of claims plus interest at the rate of **6.25**%.

**5.2**      **Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

     ☑    **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3**      **Other separately classified nonpriority unsecured claims.** *Check one*.

     ☐    **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

     ☑    The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows:

| Debtor | **Man Drell McGill** | Case number | |
| --- | --- | --- | --- |
| | **Vontresia Shontell McGill** | | |

| Name of creditor | Total amount to be paid on the claim | Interest rate (if applicable) | |
| --- | --- | --- | --- |
| **Dept of Ed/Navient** | **$    0.00** | **0%** | |

Specify the amount and frequency of payments and whether disbursed by the trustee or the debtor.

**Debtor will pay monthly as indicated on Schedule J, directly to creditor, but if these claims are filed by any other entity than listed in the schedules and plan, debtor will be responsible to notify the Trustee, or Trustee may make disbursements on the claim pursuant to 5.1 above.**

Provide a brief statement of the basis for separate classification and treatment.

**This class discrimination is fair pursuant to 11 U.S.C. §1322 (b) (1), as the debt to this creditor represents a significant portion of the total general unsecured debt; the estimated payments to the remainder of the pool of unsecured creditors without priority is likely to be lower if the Debtor included the debt in the pool to be paid *pro rata* by the Trustee.  Debtor agrees that if she signs a certification of plan completion, she will be certifying that all contractual payments that came due to this creditor have been made through the date of certification.**

| Part 6: | Executory Contracts and Unexpired Leases |
| --- | --- |

**6.1**  **The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one*.

☐ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.
☑ **Assumed items.** Current installment payments will be disbursed directly by the debtor, as specified below, subject to any contrary court order or rule. Prepetition arrearage payments will be disbursed by the trustee unless otherwise ordered.

| **Name of Creditor** | **Description of leased property or executory contract** | **Current installment payment** | **Estimated amount of arrearage through month of filing or conversion** | **Estimated monthly payment on arrearage to be disbursed by the trustee** |
| --- | --- | --- | --- | --- |
| **Bryan and Cheryl Walker** | **305 Heritage Forest Drive, Blythewood, SC 29016** | **$2,000.00** | **$0.00** | **$0.00** |
| | | | | (or more) |
| **Service Payment Plan, Inc.** | **Auto Warranty** | **$430.00** | **$0.00** | **$0.00** |
| | | | | (or more) |

Insert additional claims as needed.

| Part 7: | Vesting of Property of the Estate |
| --- | --- |

**7.1**  **Property of the estate will vest in the debtor as stated below:**
*Check the applicable box:*

☑ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor.  The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate.  The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor.  Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

District of South Carolina

| Debtor | **Man Drell McGill** | Case number | |
| --- | --- | --- | --- |
| | **Vontresia Shontell McGill** | | |

☐    **Other.** The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

### Part 8: Nonstandard Plan Provisions

**8.1**    **Check "None" or List Nonstandard Plan Provisions**

☐    **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

*8.1 (a) Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in this form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*8.1 (b) Dept of Ed/Nelnet is being treated pursuant to non-standard language contained in 5.3 herein.*

### Part 9: Signatures:

**9.1**    **Signatures of debtor and debtor attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

X   **/s/ Man Drell McGill**                       X   **/s/ Vontresia Shontell McGill**
     **Man Drell McGill**                              **Vontresia Shontell McGill**
     Signature of Debtor 1                           Signature of Debtor 2

Executed on   **June 18, 2019**                Executed on   **June 18, 2019**

X   **/s/ Eric S. Reed**                              Date   **June 18, 2019**
     **Eric S. Reed 7242**
     Signature of Attorney for debtor   DCID#

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

# United States Bankruptcy Court
## District of South Carolina

In re:  **Man Drell McGill**
**Vontresia Shontell McGill**
Debtor(s)

Case No. **19-03259**
Chapter **13**

## CERTIFICATE OF SERVICE

I hereby certify that on **June 18, 2019**, a copy of **The Chapter 13 Plan** was served electronically or by regular United States mail to all interested parties, the Trustee and all creditors listed below.

 **See attached mailing matrix.**

/s/ Eric S. Reed
**Eric S. Reed 7242**
**Reed Law Firm, P.A.**
**220 Stoneridge Drive, Ste 301**
**Columbia, SC 29210**
**803-726-4888Fax:803-726-4887**

```
Label Matrix for local noticing      (p)CREDITORS BANKRUPTCY SERVICE      ATTORNEY GENERAL OF THE UNITED STATES
0420-7                                PO BOX 800849                        DEPT OF JUSTICE ROOM 5111
Case 19-03259-hb                      DALLAS TX 75380-0849                 10TH AND CONSTITUTION AVENUE NW
District of South Carolina                                                 Washington DC 20530-0001
Spartanburg
Tue Jun 18 14:08:24 EDT 2019

Ally Financial                        Bmw Bank Of North Amer               (p)BMW FINANCIAL SERVICES
Attn: Bankruptcy Dept                 Attn: Bankruptcy                     CUSTOMER SERVICE CENTER
Po Box 380901                         Po Box 3608                          PO BOX 3608
Bloomington MN 55438-0901             Dublin OH 43016-0306                 DUBLIN OH 43016-0306


Bryan and Cheryl Walker               CACH, LLC                            Capital One
305 Heritage Forest Drive             c/o Edward Overcash Jr.              Attn: Bankruptcy
Blythewood SC 29016-7183              33 Villa Road, Ste 401               Po Box 30285
                                      Greenville SC 29615-3037             Salt Lake City UT 84130-0285


Capital One                           Capital One Na                       Citibank North America
Po Box 30281                          Attn: Bankruptcy                     Citibank Corp/Centralized Bankruptcy
Salt Lake City UT 84130-0281          Po Box 30285                         Po Box 790034
                                      Salt Lake City UT 84130-0285         St Louis MO 63179-0034


Citibank/The Home Depot               Comenity Bank/Ann Taylor             Comenity Bank/Express
Attn: Recovery/Centralized Bankruptcy Attn: Bankruptcy Dept                Attn: Bankruptcy
Po Box 790034                         Po Box 182125                        Po Box 182125
St Louis MO 63179-0034                Columbus OH 43218-2125               Columbus OH 43218-2125


Comenity Bank/Kay Jewelers            Comenity Bank/Pottery Barn           Comenity Bank/Victoria Secret
Attn: Bankruptcy Dept                 Attn: Bankruptcy                     Attn: Bankruptcy
Po Box 182125                         Po Box 182125                        Po Box 182125
Columbus OH 43218-2125                Columbus OH 43218-2125               Columbus OH 43218-2125


Credit First National Association     Dept of Ed / Navient                 Deptartment Store National Bank/Macy's
Attn: Bankruptcy                      Attn: Claims Dept                    Po Box 8218
Po Box 81315                          Po Box 9635                          Mason OH 45040-8218
Cleveland OH 44181-0315               Wilkes Barr PA 18773-9635


FHA c/o                               Fingerhut                            Halcyon Real Estate Services LLC
US Dept of Housing & Urban Development Attn: Bankruptcy                    7210 Broad River Road Ste I
451 7th Street, SW                    Po Box 1250                          Irmo SC 29063-8150
Washington DC 20410-0002              Saint Cloud MN 56395-1250


Gretchen D. Holland                   Home Point Financial Corporation     IRS
Ch. 13 Trustee Office                 Attn: Correspondence Dept            PO Box 7346
20 Roper Corners Circle, Suite C      11511 Luna Road; Suite 200           Philadelphia PA 19101-7346
Greenville, SC 29615-4889             Farmers Branch TX 75234-6451


Kohls/Capital One                     Longcreek Plantation Property        Man Drell McGill
Attn: Bankruptcy                      c/o McCabe, Trotter & Beverly, PC    1362 Afton Way
Po Box 30285                          PO Box 212069                        Fort Mill, SC 29708-0221
Salt Lake City UT 84130-0285          Columbia SC 29221-2069
```

| | | |
|---|---|---|
| Vontresia Shontell McGill<br>1362 Afton Way<br>Fort Mill, SC 29708-0221 | Pennymac Loan Services<br>Correspondence Unit/Bankruptcy<br>Po Box 514387<br>Los Angeles CA 90051-4387 | RICHLAND COUNTY<br>PO BOX 11947<br>Columbia SC 29211-1947 |
| RISE Credit<br>Attn: Bankruptcy<br>Po Box 101808<br>Fort Worth TX 76185-1808 | Receivables Management Corporation<br>Attn: Bankruptcy<br>Po Box 50685<br>Columbia SC 29250-0685 | Eric S Reed<br>Reed Law Firm, PA<br>220 Stoneridge Dr., Suite 301<br>Columbia, SC 29210-8018 |
| SC DEPARTMENT OF REVENUE<br>PO BOX 12265<br>Columbia SC 29211-2265 | (p)SC DEPARTMENT OF EMPLOYMENT AND WORKFORCE<br>PO BOX 8597<br>COLUMBIA SC 29202-8597 | Service Payment Plan, Inc.<br>303 East Wacker Drive, Ste 230<br>Chicago IL 60601-5231 |
| Syncb/Rooms To Go<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando FL 32896-5060 | Syncb/hhgreg<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando FL 32896-5060 | Syncb/thomasville<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando FL 32896-5060 |
| Synchrony Bank<br>Attn: Bankruptcy<br>Po Box 965060<br>Orlando FL 32896-5060 | Synchrony Bank/Amazon<br>Attn:  Bankruptcy<br>Po Box 965060<br>Orlando FL 32896-5060 | Synchrony Bank/Banana Republic<br>Attn: Bankruptcy<br>Po Box 105972<br>Atlanta GA 30348-5972 |
| Synchrony Bank/Lowes<br>Attn:  Bankruptcy<br>Po Box 965060<br>Orlando FL 32896-5060 | Synchrony Bank/TJX<br>Attn:  Bankruptcy<br>Po Box 965060<br>Orlando FL 32896-5060 | Thomasville Furniture<br>PO Box 960061<br>Orlando FL 32896-0061 |
| US Trustee's Office<br>Strom Thurmond Federal Building<br>1835 Assembly St.<br>Suite 953<br>Columbia, SC 29201-2448 | US ATTORNEYS OFFICE<br>JOHN DOUGLAS BARNETT ESQ<br>1441 MAIN STREET<br>STE 500<br>Columbia SC 29201-2897 | US Department of Veteran Affairs<br>PO Box 3978<br>Portland OR 97208-3978 |
| US Department of Veterans Affairs<br>PO Box 8079<br>Philadelphia PA 19101-8079 | USDA<br>PO BOX 66827<br>Saint Louis MO 63166-6827 | Usa Service Finance<br>1104 Paris Road Box 4<br>Mayfield KY 42066-3328 |
| YORK COUNTY<br>PO BOX 116<br>York SC 29745-0116 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| AAFES<br>Attention: Bankruptcy<br>Po Box 650060<br>Dallas TX 75265 | Bmw Financial Services<br>Attn: Bankruptcy Department<br>Po Box 3608<br>Dublin OH 43016 | SC EMPLOYMENT SECURITY COMMISION<br>PO BOX 995<br>Columbia SC 29202 |

End of Label Matrix
Mailable recipients   54
Bypassed recipients    0
Total                 54